

Edward Y. Kroub – Partner
200 Vesey Street, 24th Floor
New York, NY 10281
P: (212) 595-6200 | F: (212) 595-9700
Ekroub@mizrahikroub.com
www.mizrahikroub.com

July 20, 2022

<u>**VIA ECF**</u>

The Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square,
New York, NY 10007

      Re:    *Chalas v. Pork King Good*; <u>Case No. 1:22-cv-03894 (ER)</u>

Dear Judge Ramos:

    We represent plaintiff Ana Chalas ("Plaintiff") in the above-referenced class action brought pursuant to, *inter alia*, the Americans with Disabilities Act of 1990 ("ADA") and parallel New York City Law. In accordance with this Court's order of July 7, 2022, we respectfully write in response to defendant North Geeks LLC d/b/a Pork King Good, i/s/h/a Pork King Good's ("Defendant") pre-motion letter in anticipation of a motion to dismiss. *See* Docket No. 9. Plaintiff disputes the legal issues raised by Defendant in its premotion letter, which have been raised before this Court in the past, and are not dispositive given prior S.D.N.Y holdings in *Sanchez v. Welcome Skateboards Inc.*, 21 Civ. 2598 (KPF) (S.D.N.Y. Jan. 27, 2022) [1] and *Sanchez v. NutCo, Inc.*, 20-cv-10107 (JPO), 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022). Additionally, Plaintiff respectfully requests 21 days to submit an amended complaint that will further illuminate the issues in this case and render further motion practice unnecessary.

**Plaintiff Has Standing**

    The Complaint properly pleads an injury in fact and the amended complaint shall as well. Inability to determine information about a defendant's products, inability to purchase items, and the consequent deterrence from visiting the website constitutes an injury in fact under the ADA directly resulting from a defendant's actions. *See NutCo,* 2022 U.S. Dist. LEXIS 51247 at *5-*6; *see also Welcome Skateboards Inc.*, 21 Civ. 2598 (KPF), at p.10:10-12 ("Plaintiff's inability to access and general deterrence to use the defendant's website sufficed to allege an ADA injury."). The Complaint adequately pleads this, and the amended complaint shall too. ¶¶ 9, 25. Likewise, courts in the S.D.N.Y. have also held that a well-pled claim for injury under the ADA requires that plaintiff attempted to access defendant's website and was denied access due to specific technical barriers on each visit to the website. *See NutCo,* 2022 U.S. Dist. LEXIS 51247 at *5 ("Sanchez has satisfied the standing requirements. Sanchez claims he suffered an injury-being unable to

---

[1]     A full and complete transcript of Judge Failla's recent decision denying defendant's motion to dismiss in *Welcome Skateboards*, an ADA website accessibility class action, can be provided to the Court upon request.



The Honorable Edgardo Ramos
July 20, 2022
Page 2

purchase [products], take advantage of discounts…and understand different product details-because of barriers on the website."). The Complaint sufficiently pleads this, and the amended complaint shall as well. ¶¶2, 23.

*Welcome Skateboards* is instructive on this point. *See Welcome Skateboards*, at 11:8-18. There, Judge Failla found plaintiff had sufficiently plead an injury for standing, by pleading three things: (i) he had visited the website at least twice; (ii) the goods he had attempted to purchase; and (iii) the existence of specific barriers that deterred plaintiff from completing a purchase as a sited person would. *Id*. The Court then held, "[t]hese barriers, and the consequent deterrence of Plaintiff from visiting the website, suffice under this Court's analysis . . . to constitute injury." *Id*. This is what is required to adequately plead injury. By contrast, Plaintiff's litigation history is not relevant to this analysis. "There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical." *E.g., Dominguez v. Grand Lux Café LLC*, No. 19-cv-10345 (MKV), 2020 U.S. Dist. LEXIS 109679, at *11 (S.D.N.Y. June 22, 2020); *De La Rosa v. Lewis Foods of 42nd St.,* 124 F. Supp.3d 290, 293 n.5 (S.D.N.Y. 2015) ("[T]his fact does not affect the Court's analysis… It is by no means difficult to imagine that a wheelchair-bound New York City resident encounters illegal barriers to access at many places of public accommodation on a regular basis or that such a person would continue to use the attorney with whom she has a relationship when trying to make New York more accessible for all.").

**Websites are Places of Public Accommodation Under the ADA**

This issue has been repetitively raised by Defense counsel and already been addressed in the Southern District. Each time the exact argument made by Defendant has been rejected, going back to Judge Engelmayer's holding in 2017 that: "A commercial website itself qualifies as a place of 'public accommodation" to which Title III of the ADA affords a right of equal access." *Del-Orden v. Bonobos, Inc.*, No. 17 CIV. 2744 (PAE), 2017 U.S. Dist. LEXIS 209251, at *19 (S.D.N.Y. Dec. 20, 2017).[2]

Indeed, as Defendant's letter itself hints at, in the recent case of *Romero v.* 88 *Acres Foods Inc.,* Senior Judge Kimba Wood held unequivocally "websites qualify as places of public accommodation, albeit electronic ones, and as such are required to provide equal services to visually impaired and sighted people." 1:20-cv-9215 (KMW), 2022 U.S. Dist. LEXIS 9040, at *16 (S.D.N.Y. Jan. 18, 2022). Judge Wood conducted a thorough analysis of various foreign circuits, as well as the recent Eastern District cases of *Martinez v. Mylife.com, Inc*., 21-cv-4779 (MBC), 2012 U.S. Dist. LEXIS 201585 (E.D.N.Y. Nov. 1, 2021) and *Winegard v. Newsday LLC*, 19-CV-04420 (EI) (RER) (E.D.N.Y. Aug. 16, 2021), which is the basis for Defendant's motion. However, Judge Wood found that in addition to listing physical places such as restaurants, hotels and gymnasiums as covered accommodations, other entities such as "other sales or retail established" were listed as covered entities. *Id.* at *17-*18. These additions must indicate that non-physical

---

[2] This Court itself also suggested it found this same argument unpersuasive at a premotion conference in the case of *Sanchez v. Webull Financial LLC*, No. 1:21-cv-930 (S.D.N.Y. June 9, 2021), ECF No. 18. A full and complete copy of the transcript can be provided to the Court upon request.



The Honorable Edgardo Ramos
July 20, 2022
Page 3

retailers are covered, for otherwise, this would lead to the "absurd result that people with disabilities are protected if they shop in-store at Whole Foods, but not if they shop online at Whole Foods." *Id*. at *18. Rejecting the Eastern District's reasoning, Judge Wood held that the catch all clause regarding service and other retail establishments encompasses non-brick-and mortar sales establishments. *Id*. at *18.

Further analyzing the legislative history, Judge Wood noted that Congress intended for the "types of accommodation and services provided to individuals with disabilities…[to] keep pace with the rapidly changing technology of the times." *Id*. at *19. This applies to the large volume of interstate commerce transacted through websites. *Id*. Given the prominence of online retail establishment in providing goods and services directly to customers, Congress' intent in passing the ADA would be stymied were public accommodations limited to physical spaces.

Judge Wood's ruling is a culmination of a long series of rulings by District Court judges in cases with analogous facts. *See Winegard v. Crain Comms., Inc*., 20-cv-01509 (AJN), 2021 U.S. Dist. LEXIS 60964, at *6 (S.D.N.Y. Mar. 30, 2021) ("Defendant's website is a place of public accommodation."); *Jaquez v. Dermpoint, Inc.*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *7-*8 (S.D.N.Y. May 20, 2021) ("multiple district courts in this circuit-including this one-have held that websites qualify as places of public accommodation, even when they are not attached to a traditional brick-and-mortar store."). Most recently, Judge Failla affirmed websites as public accommodations in *Paguada v. Athena Allergy*, 1:21-cv-01245 (KFP), Docket No. 38 (S.D.N.Y. Feb. 22, 2022).

Defendant's argument that *Suris v. Gannett Co*., 2021 WL 2953218 (E.D.N.Y. July 14, 2021), *Winegard v. Newsday LLC*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021), and *Martinez v. MyLife.com, Inc*., 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) considered issues that were not raised before courts of the Southern District is spurious given the thorough analysis of these cases by Judge Wood *88 Acres Foods Inc,* which directly addressed and rejected both *Winegard* and *Martinez*. The subsequent *Athena Allergy* case confirmed this principle in February 2022. Defendant does not engage with these cases, simply noting that there is a case which already addressed the points raised in their letter. However, Defendant does not articulate any principle as to why these recent decisions, which directly addressed the points raised by Defendant, and are supported by the 7th and 1st Circuits, are incorrect. S*ee Morgan v. Joint Admin Bd*., 268 F.3 456 (7th Cir. 2001); *Carparts Distrib. Ctr. v. Auto Wholesaler's Ass'n*, 37 F3d 12 (1st Cir. 1994).

**Conclusion**

For these reasons, Plaintiff respectfully requests that Defendant's request for a premotion conference be denied, and that Plaintiff be granted 21 days to file an amended complaint. Furthermore, the abundant case law defense counsel consistently fails to distinguish, and the Amended Complaint will render Defendant's anticipated motion to dismiss unnecessary.

Respectfully submitted,

/s/ *Edward Y. Kroub*
Edward Y. Kroub, Esq.

cc:     All Counsel of Record (via ECF)