UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CHALAS, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– *against* –

PORK KING GOOD,

                Defendant.

**OPINION & ORDER**

22-cv-03894 (ER)

Ramos, D.J.:

      Ana Chalas, a visually impaired person, brings this putative class action alleging that she was denied full and equal access to a website operated by Pork King Good ("Pork King") in violation of federal and state law. Doc. 16. Before the Court is Pork King's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12. Doc. 18. For the reasons below, the motion is GRANTED in part and DENIED in part.

**I.    BACKGROUND**

      Ana Chalas, a Bronx, New York resident, is visually impaired. Doc. 16 ¶ 14. Chalas uses NonVisual Desktop Access ("NVDA") screen reading software to navigate websites on the internet. *Id.* ¶ 24.

      Pork King is a registered Ohio Corporation that conducts business in New York through its website, www.porkkinggood.com. *Id.* ¶¶ 2, 15. Pork King's website sells various pork-based products. *Id.* ¶ 2.

      Chalas filed this action on May 12, 2022, alleging that Pork King failed to make its website accessible to the visually impaired, thereby denying her access to its goods. Doc. 1. On August 2, 2022, the Court granted Chalas' request for leave to amend her complaint, Doc. 15, and Chalas filed a First Amended Complaint ("FAC") on August 23, 2022, Doc. 16. Chalas alleges that on four occasions—April 14, May 7, May 31, and

August 21, 2022—she attempted to use Pork King's website to buy Pork King Good Pork Rind Crumbs Original Flavor. *Id.* ¶¶ 2–3. Yet, because of the website's accessibility barriers, Chalas could not buy the product. *Id.* ¶ 5. Thus, Chalas alleges that Pork King violated Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code §§ 8-101 *et seq.,* for failure to provide equal access to blind and visually-impaired consumers on its website. *Id.* ¶ 6. Chalas seeks a preliminary and permanent injunction as well as compensatory damages against Pork King. *Id.* ¶ 7.

On September 30, 2022, Pork King filed the instant motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim. Doc. 18. Pork King moves to dismiss Chalas' discrimination claims under the ADA and the NYCHRL. Pork King also moves to dismiss Chalas' claim for civil penalties and fines or punitive damages under NYCHRL, and her request for declaratory judgment. Doc. 19 at 5–6.

## II.   LEGAL STANDARD

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielson v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. If the plaintiff has not "nudged

2

[her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570; *see Iqbal*, 556 U.S. at 680.

The question in a Rule 12 motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits'" or "weigh[ing] the evidence that might be offered to support it." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).

### III. DISCUSSION

#### A. Failure to State a Claim

To successfully state a claim under Title III, a plaintiff must establish "that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d. Cir. 2008) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d. Cir. 2008)).

The parties agree that Chalas has sufficiently alleged that she is disabled and that Pork King's website was inaccessible to Chalas' screen reader. Doc. 19 at 7; Doc. 23 at 9–10. Pork King's principle argument is that its stand-alone website is not a "place of public accommodation" under the ADA. Doc. 19 at 7. Pork King argues that Title III provides a comprehensive list of only physical entities, which does not include websites, as places of public accommodation. *Id.* at 8; *see also* 42 U.S.C. § 12181(7).

Neither the Supreme Court nor the Second Circuit have addressed whether a stand-alone website is a place of public accommodation and other circuit courts are

divided on the question.  The Third, Sixth, Ninth and Eleventh Circuits have held that for "discrimination under Title III to be found, there must be a 'nexus' between the discriminatory conduct and the goods and services of a physical location." *See Chalas v. Barlean's Organic Oils*, No. 22 Civ. 04178 (CM), 2022 WL 17156838, at *4 (S.D.N.Y. Nov. 22, 2022) (summarizing the circuit split).  On the other hand, the First Circuit held that the ADA extends to service providers with or without a nexus to a physical place. *Carparts Distribution Center, Inc. v. Automotive Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12, 19 (1st Cir. 1994).  Additionally, the Seventh Circuit specifically held that the core meaning of Title III required service providers to allow full and equal enjoyment of goods and services to disabled persons, regardless if the service was on a "Web site, or other facility . . . whether in physical space or in electronic space." *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999).

District courts in the Second Circuit are also divided.  The cases in this district that have extended Title III protections to stand-alone websites rely on an analogous Second Circuit decision, *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999), *opinion amended on denial of reh'g*, 204 F.3d 392 (2d Cir. 2000).  In *Pallozzi,* the Second Circuit held that because an insurance office was a place of public accommodation under Title III, it was prohibited from discriminating against disabled persons by refusing to sell them insurance policies.[1]  *Id.* at 32–33.  The court emphasized that the statute protected more than mere physical access because Title III "mandate[d] that the disabled be accorded 'full and equal enjoyment of the goods, [and] services . . . of any place of public accommodation.'" *Id.* at 32 (quoting 42 U.S.C. § 12182(a)).

While *Pallozzi* did not specifically decide the question of whether Title III applied to the goods and services of a website without a connection to a physical place, "the vast majority of courts in this circuit have held that commercial websites qualify as places of

---

[1] In *Pallozzi*, Allstate Insurance refused to sell plaintiffs a joint life insurance policy because of their mental disabilities.  *Pallozzi*, 198 F.3d at 30.

4

public accommodation independent of a nexus to a physical space." *Monegro v. I-Blades, Inc.*, No. 21 Civ. 3093 (GBD) (SN), 2023 WL 2499718, at *3 (S.D.N.Y. Mar. 14, 2023) (citing *Martinez v. Gutsy LLC*, No. 22 Civ. 409 (NGG) (RLM), 2022 WL 17303830, at *3 (E.D.N.Y. Nov. 29, 2022). Indeed, this Court has previously held that Title III protections for disabled persons apply to stand-alone websites. *See Weekes v. Outdoor Gear Exch., Inc.*, No. 22 Civ. 1283 (ER), 2023 WL 2368989, at *5 (S.D.N.Y. Mar. 6, 2023) ("[Defendant] operates the Website, which is a place of public accommodation.").

In contrast, *Winegard v. Newsday LLC*, a recent case in the Eastern District of New York, agreed with the minority of the website ADA cases in the Second Circuit and declined to extend Title III protections to stand-alone websites. *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173, 174 (E.D.N.Y. 2021); *see also Martinez v. MyLife.com, Inc.*, No. 21 Civ. 4779 (BMC), 2021 WL 5052745, at *2 (E.D.N.Y. Nov. 1, 2021. In *Winegard*, a deaf individual filed suit against Newsday—a local newspaper—for operating a website without adequate accessibility features for deaf persons. *Id.* at 174. The *Winegard* court interpreted the holding in *Pallozzi* to mean that only a website that sold "the same 'goods and services' as the business's brick-and-mortar operation" could be considered a place of public accommodation. *See id.* at 181 (explaining that "[t]he physical place, per *Pallozzi*, is a condition precedent; once that condition is satisfied, the goods and services sold by that place of public accommodation are swept within the ADA's remit."). With that reasoning, the court concluded that Newsday's website was not a place of public accommodation because the company did not have a corresponding brick-and-mortar operation. *Id.* at 182.

It is evident that "[t]he statutory text . . . —unsurprisingly in light of the ADA's pre-Internet vintage—does not cleanly resolve whether Title III applies to commercial websites." *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *8 (S.D.N.Y. Dec. 20, 2017); *see also Martinez*, 2022 WL 17303830 at *3 ("The sheer number of judges who, when presented with this statute, have diverged in their

5

interpretations, tells this court that the plain language of Title III of the ADA is ambiguous as to whether stand-alone websites are covered entities under the statute."). Because the language of Title III is ambiguous with regard to a place of public accommodation, the Court "focus[es] upon the 'broader context' and 'primary purpose' of the statute." *Castellano v. City of New York,* 142 F.3d 58, 67 (2d Cir. 1998) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 348 (1997)); *see also Connecticut ex rel. Blumenthal v. U.S. Dep't of Interior*, 228 F.3d 82, 89 (2d Cir. 2000) ("If the text of a statute is ambiguous, we must look to the statute as a whole and construct an interpretation that comports with its primary purpose and does not lead to anomalous or unreasonable results.").

"If the meaning of a statute is ambiguous, the court may resort to legislative history to determine the statute's meaning." *Puello v. Bureau of Citizenship & Immigr. Servs.*, 511 F.3d 324, 327 (2d Cir. 2007). Congress passed the ADA to make the exchange of goods and services accessible to those with disabilities. *See Romero v. 88 Acres Food, Inc.*, 580 F. Supp. 3d 9, 20–21 (S.D.N.Y. 2022) (concluding that Title III's legislative history indicates that Congress expected the statute to adapt as technology advanced); *see also Tavarez v. Moo Organic Chocolates, LLC*, No. 21 Civ. 9816 (VEC), 2022 WL 3701508, at *3 (S.D.N.Y. Aug. 26, 2022), *motion to certify appeal denied*, No. 21 Civ. 9816 (VEC), 2022 WL 17094631 (S.D.N.Y. Nov. 21, 2022) ("Although websites are not specifically mentioned in the statute, the law's explicit purpose and the inclusion of providers that do not require physical entry into a location to access their goods and services indicate that websites are within the broad reach Congress intended Title III to have.").

A holding today that limits places of public accommodation to the brick-and-mortar standard would severely hamper Congress' effort to protect disabled persons who want and need access to the growing number of online-only providers of goods and services. Such an anomalous result could not have been Congress' intention. *See S.E.C.*

*v. Rosenthal*, 650 F.3d 156, 162 (2d Cir. 2011) (counseling against interpreting a statute in a way that yields an absurd result). In fact, the ADA was meant to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). For this reason, as this Court previously determined, a stand-alone website qualifies as a place of public accommodation to which Title III of the ADA affords a right of equal enjoyment. Because Chalas has sufficiently alleged discrimination upon which relief can be granted under the ADA and NYCHRL, the Court denies Pork King's motion to dismiss for failure to state a claim. *See Chalas,* 2022 WL 17156838, at *4 (concluding that "because the NYCHRL is more protective than its state and federal counterparts, a claim is automatically stated under the NYCHRL if it is stated under the federal and state statutes").

### B. Relief Sought

Pork King argues that Chalas' claim for civil penalties, fines, and punitive damages under NYCHRL should be dismissed. Doc. 19 at 18. "A motion to dismiss is addressed to a 'claim'—not to a form of damages." *Loadholt v. Shirtspace*, No. 22 Civ. 02870 (ALC), 2023 WL 2368972, at *4 (S.D.N.Y. Mar. 6, 2023) (quoting *Chalas*, 2022 WL 17156838, at *6). As damages are not an independent cause of action, a motion to dismiss these damages is "procedurally premature." *See Hunter v. Palisades Acquisition XVI, LLC*, No. 16 Civ. 8779 (ER), 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017) (citing *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 536 (S.D.N.Y. 2013). Accordingly, the motion to dismiss Chalas' request for damages is denied.

Pork King also moves to dismiss Chalas' claim for a declaratory judgment that its website violated the ADA and NYCHRL because it is redundant. Doc. 19 at 15. A claim is redundant when it seeks the same relief sought in other causes of action. *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006). Count III of the complaint asserts no new claims and merely reiterates the same allegations as Counts I and II. Doc. 16 ¶¶ 54–56. Because the claim for declaratory judgment is redundant,

Count III is dismissed. *See Kleeberg v. Eber,* No. 16 Civ. 9517 (LAK) (KHP), 2020 WL 4586904, at *19 (S.D.N.Y. Aug. 10, 2020), *on reconsideration in part*, No. 16 Civ. 9517 (LAK) (KHP), 2021 WL 1164205 (S.D.N.Y. Mar. 25, 2021) (dismissing a claim for declaratory judgment that relied on the same legal theories and sought the same relief as a separate count).

## IV. CONCLUSION

For the reasons discussed above, Pork King's motion to dismiss for failure to state a claim and failure to establish a claim for damages under NYCHRL is DENIED. Pork King's motion to dismiss Count III is GRANTED. Pork King is directed to answer the complaint by May 30, 2023. The Clerk of Court is respectfully directed to terminate the motion, Doc. 18.

It is SO ORDERED.

Dated:   May 5, 2023
         New York, New York

                                         _____
                                         EDGARDO RAMOS, U.S.D.J.